THE PONCE.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 136.

1. SHIPPING (§ 65*)—CARRIAGE OF GOODS—SALE OF PERISHABLE CARGO IN PORT OF DISTRESS—DUTY TO NOTIFY CONSIGNEES.

Where a steamer from Porto Rico to New York with a cargo of oranges was compelled to put in for repairs at an intermediate port from which there was telegraphic communication with New York, it was the duty of the master to notify the consignees of the cargo and ask for instructions before selling the same at public sale, and his failure to do so rendered the vessel liable for any loss proved to have resulted.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 281; Dec. Dig. § 65.*]

2. ADMIRALTY (§ 122*)—COSTS—EFFECT OF TENDER—NECESSITY OF DEPOSIT.

Under admiralty rule 36 of the District Court for the Southern District of New York, which provides that a tender inter partes before suit shall be of no avail in defense or in discharge of costs unless on suit brought the same tender is deposited in court, a claimant who failed to deposit the amount is liable for interest thereon and for costs of such court, although libelant failed to recover a more favorable decree.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 820; Dec. Dig. § 122.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in admiralty by Thomas Connery against the steamship Ponce. Decree for libelant, from which he appeals. Modified and affirmed.

Philip S. Saitta (Albert A. Wray and Stephen Callaghan, of counsel), for appellant.

Wing, Putnam & Burlingham (Charles C. Burlingham and Leo Everett, of counsel), for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before LACOMBE, and WARD, Circuit Judges, and ADAMS, District Judge.

WARD, Circuit Judge. In this case the steamer Ponce, on a voyage from Porto Rico to New York laden with oranges, broke her tail shaft and put into Bermuda for repairs. Neither the master nor the owners of the steamer communicated with the consignees, although their addresses were known, for the purpose of informing them of the accident and of asking for instructions about their consignments. A survey held at Bermuda recommended the sale of the fruit there. A public sale was held at which prices reasonable in Bermuda were obtained, although, compared with the cost of the fruit, resulting in a loss to the owners. The trial judge held that it was the duty of the master to communicate with the owners, as he could readily have done before selling their goods, notwithstanding that they were perishable and perishing. We think he was right in this. It does not follow that a master of a general ship laden with perishable cargo in a port of distress will necessarily be bound by the instructions of the owners of the cargo. Some might insist upon their cargo being brought on in the ship, others might require theirs to be transshipped, and still others might require theirs to be sold at the port of distress. Conceivably it might be impossible for the master in justice to all to carry out the instructions of each. In view of the stowage of the various consignments it might be impossible to discharge the goods of A. for sale, and at the same time to proceed immediately with the goods of B. or transship the goods of C. In case of very perishable cargo it may be the duty of the master to sell before he gets any answer from the cargo owners or even before communicating with them. Every case will depend largely upon its own circumstances.

Of course, the object of communicating with owners of cargo is to give notice and ask for instructions. The libelant had actual notice, though not from the master, of the proposed sale, entered into communication with the claimant, but gave no counter instructions as to his own consignment. Whether the owners of the other consignments mentioned in the libel subsequently assigned to the libelant had notice does not appear. Other consignees were examined as witnesses who were not asked whether or not they were aware of the situation, which we think must have been generally known among the fruit trade of this port.

The foregoing considerations are not important in this particular case because the trial judge, finding the master at fault, held the measure of the shipowner's liability to be the difference between the actual proceeds of sale of the oranges and the price they would have brought less expenses if they had been carried on to New York, which he found to be nothing. We concur in both these findings. But we think the owners are liable for interest on the proceeds of sale in their hands and also for costs of the District Court, because although they offered to pay over the proceeds of sale to the libelant they did not after suit brought pay moneys into court in accordance with rule 36 of the District Court, which reads:

"A tender inter partes before suit shall be of no avail in defense or in discharge of costs unless on suit brought and before answer, plea or claim filed, the same tender is deposited in the court to abide the order or decree to be made in the matter.

"At any time not less than 14 days before trial the respondent or claimant may serve upon the libelant's proctor a written offer to allow a decree to be taken against him for the sum of money therein specified, with costs, to the date of the offer to be taxed, which the libelant may within ten days thereafter accept, and the libelant fail to obtain a more favorable decree, he cannot recover costs from the time of the offer; but if the respondent or claimant deposits the amount of his offer, or tender, and the clerk's fees by paying out the same, with the clerk, the respondent shall recover costs from the time of deposit if the libelant does not recover a more favorable decree."

Thus modified, the decree in favor of the libelant is affirmed, with costs of this court to the claimant.